## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
### (CIVIL)

| | | |
|---|---|---|
| CURTIS ANDREWS, NELSON ALVARADO, VICKIE BALDWIN, DONALD BUTLER, ANA COLLAZO, ADRIAN CURRY, DAVID DAMMERS, THOMAS DUNSMORE, BETTY FRANKS, DAVID FRIEDMAN, EVA GONZALEZ, CLENORA GREGORY, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIV. NO. 1:06-cv-00330 – EGS |
| v. | ) ) | |
| ELI LILLY AND COMPANY, | ) ) | |
| Defendant. | ) ) ) | |

### ANSWER OF DEFENDANT ELI LILLY AND COMPANY

Defendant Eli Lilly and Company ("Lilly"), by its counsel, responds to plaintiffs' Complaint as follows:

### JURISDICTION AND VENUE

1.      Lilly is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 1 of the Complaint.

### ANSWERING PLAINTIFFS' PRELIMINARY STATEMENT

2.      Lilly is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of the Complaint, except (i) admits that Zyprexa® is the brand name for olanzapine and (ii) denies that Zyprexa is a dangerous pharmaceutical product.

## THE PARTIES

3.      Lilly denies the allegations contained in Paragraph 3 of the Complaint, except Lilly is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of the Complaint and all of its subparts relating to plaintiffs and their physicians.

4.      Lilly denies the allegations contained in Paragraph 4 of the Complaint, except (A) admits that (i) Lilly is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business in Indianapolis, Indiana; (ii) Lilly researched, tested, developed, manufactured, marketed and/or sold Zyprexa to independent pharmaceutical wholesalers, including in the District of Columbia, for use only upon prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings regarding the risks and benefits of the medication; and (iii) Robert A. Armitage, Eli Lilly and Company, Lilly Corporate Center, Indianapolis, IN 46285 is a proper agent for service of process; (B) denies the allegations regarding its website to the extent they are inconsistent with the statements on the website when such statements are read in context and in their entirety; and (C) is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the Complaint relating to plaintiffs.

5.      Lilly denies the allegations contained in Paragraph 5 of the Complaint.

## ANSWERING FACTUAL ALLEGATIONS

6.      Lilly denies the allegations contained in Paragraph 6 of the Complaint, except (i) admits that Lilly researched, tested, developed, manufactured, marketed and/or sold Zyprexa to independent pharmaceutical wholesalers for use only upon prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings regarding the risks and benefits of the medication; and (ii) is

without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of the Complaint relating to plaintiffs and their physicians.

7.    Lilly denies the allegations contained in Paragraph 7 of the Complaint.

8.    Lilly denies the allegations contained in Paragraph 8 of the Complaint.

9.    Lilly denies the allegations contained in Paragraph 9 of the Complaint, except admits that (i) Zyprexa is a psychotropic agent that belongs in the thienobenzodiazepine class of medications also known as "atypical antipsychotics"; (ii) Zyprexa is approved by the FDA for the treatment of schizophrenia, the treatment of acute mixed or manic episodes associated with Bipolar I Disorder, and maintenance monotherapy for Bipolar Disorder; (iii) on September 30, 1996, the FDA approved Zyprexa for use in the "management of the manifestations of psychotic disorders" based on data from clinical trials involving schizophrenic patients; (iv) on March 17, 2000 the FDA approved Zyprexa for use in the "short-term treatment of acute manic episodes associated with Bipolar I Disorder"; and (v) in 2004, the FDA approved Zyprexa for use as a maintenance monotherapy therapy for Bipolar Disorder.

10.    Lilly denies the allegations contained in Paragraph 10 of the Complaint, except admits that Lilly researched, tested, developed, manufactured, labeled, marketed and/or sold Zyprexa to independent pharmaceutical wholesalers, for use only upon prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings regarding the risks and benefits of the medication.

11.    Lilly denies the allegations contained in Paragraph 11 of the Complaint, except (A) admits that (i) Lilly marketed and sold Zyprexa to independent pharmaceutical wholesalers, for use only upon prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings

-3-

regarding the risks and benefits of the medication; (ii) since Zyprexa was introduced in 1996, it has been prescribed to more than 12 million people worldwide; (B) admits that sales figures for Zyprexa are disclosed in Lilly's 2003 Annual Report and Proxy Statement, which is publicly available, but denies any characterization or interpretation inconsistent therewith when read in context and in its entirety; and (C) is without knowledge as to plaintiffs' meaning of the terms "significant profits," "top-selling" and "seventh largest selling drug in the country by retail sales," and therefore denies those allegations contained in Paragraph 11 of the Complaint.

12.     Lilly denies the allegations contained in Paragraph 12 of the Complaint.

13.     Lilly denies the allegations contained in Paragraph 13 of the Complaint, except admits that Lilly researched, tested, developed, manufactured, labeled, marketed and/or sold Zyprexa to independent pharmaceutical wholesalers, including in the District of Columbia, for use only upon prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings regarding the risks and benefits of the medication.

14.     Lilly denies the allegations contained in Paragraph 14 of the Complaint, except admits that Lilly marketed and sold Zyprexa to independent pharmaceutical wholesalers, for use only upon prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings regarding the risks and benefits of the medication.

15.     Lilly denies the allegations contained in Paragraph 15 of the Complaint, except admits that Lilly marketed and sold Zyprexa to independent pharmaceutical wholesalers, including in the District of Columbia, for use only upon prescription by a licensed physician, in

accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings regarding the risks and benefits of the medication.

16.     Lilly denies the allegations contained in Paragraph 16 of the Complaint, except admits that information regarding the safety profile of Zyprexa was contained in the FDA-approved Package Insert for Zyprexa and that any characterization of the Zyprexa product labeling that is inconsistent with the FDA-approved Package Insert for Zyprexa when the Insert is read in context and in its entirety is denied.

17.     Lilly denies the allegations contained in Paragraph 17 of the Complaint except (i) admits that Zyprexa is a psychotropic agent that belongs in the thienobenzodiazepine class of medications also known as "atypical antipsychotics"; (ii) denies the allegations contained in Paragraph 18 of the Complaint to the extent that the allegations are inconsistent with the statements contained in the November 2003 edition of the Journal of the American Medical Association when assessed in context and in their entirety; and (iii) is without knowledge or information sufficient to form a belief as to the characterizations of the unidentified "studies" to which plaintiff refers.

18.     Lilly denies the allegations contained in Paragraph 18 of the Complaint, except Lilly admits that medical literature reporting on medical research involving Zyprexa is published in multiple medical journals, but denies plaintiffs' description of the unidentified "reports" and "studies and journal articles" to the extent that it conflicts with such reports, studies and journal articles.

19.     Lilly denies the allegations contained in Paragraph 19 of the Complaint and all of its subparts, except Lilly admits that medical literature reporting on medical research involving Zyprexa is published in multiple medical reports and studies, but denies plaintiffs'

description of the unidentified "reports and studies" to the extent that it conflicts with such reports and studies.

       (a)    Lilly denies the allegations contained in Paragraph 19(a) of the Complaint to the extent that the allegations are inconsistent with the statements contained in the November 2001 edition of the Journal of the American Medical Association when assessed in context and in their entirety.

       (b)    Lilly denies the allegations contained in Paragraph 19(b) of the Complaint to the extent that they are inconsistent with any statements or warnings issued by the British Medicines Control Agency or the British government, or statements contained in the April 2002 edition of Current Problems in Pharmaco-vigilance, when assessed in context and in their entirety.

       (c)    Lilly denies the allegations contained in Paragraph 19(c) of the Complaint to the extent that they are inconsistent with any statements or warnings issued by the Japanese Health & Welfare Ministry when assessed in context and in their entirety.

       (d)    Lilly denies the allegations contained in Paragraph 19(d) of the Complaint to the extent that the allegations are inconsistent with the findings and conclusions of the Duke University Medical Center study when assessed in context and in their entirety.

       (e)    Lilly denies the allegations contained in Paragraph 19(e) of the Complaint, except admits that Lilly has marketed Zyprexa to physicians in accordance with applicable laws and regulations, with adequate communication of the known risks, and with adequate warnings commensurate with the risk and gravity of the possible side effects from its use.

20.     Lilly denies the allegations contained in Paragraph 20 of the Complaint, except is without knowledge or information sufficient to form a belief as to the reliance of plaintiffs' physicians and plaintiffs.

21.     Lilly denies the allegations contained in Paragraph 21 of the Complaint.

## FIRST CAUSE OF ACTION

### [Failure to Warn]

22.     Lilly incorporates by reference its responses to Paragraphs 1 through 21 of the Complaint, as if fully set forth herein, and denies the allegations contained in Paragraph 22 of the Complaint.

23.     Lilly denies the allegations contained in Paragraph 23 of the Complaint, except admits that it researched, tested, developed, manufactured, marketed and/or sold Zyprexa to independent pharmaceutical wholesalers, for use only upon prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings regarding the risks and benefits of the medication.

24.     Lilly denies the allegations contained in Paragraph 24 of the Complaint, except admits that Lilly marketed and sold Zyprexa to independent pharmaceutical wholesalers, for use only upon prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings regarding the risks and benefits of the medication.

25.     Lilly denies the allegations contained in Paragraph 25 of the Complaint.

26.     Lilly is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26 of the Complaint.

27.     Lilly denies the allegations contained in Paragraph 27 of the Complaint, except admits that information regarding the safety profile of Zyprexa was contained in the

FDA-approved Package Insert for Zyprexa.  Any characterization of the Zyprexa product labeling that is inconsistent with the FDA-approved Package Insert for Zyprexa when the Insert is read in context and in its entirety is denied.

28.    Lilly denies the allegations contained in Paragraph 28 of the Complaint, except is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 28 of the Complaint relating to plaintiffs.

29.    Lilly denies the allegations contained in Paragraph 29 of the Complaint, except admits that information regarding the safety profile of Zyprexa was contained in the FDA-approved Package Insert for Zyprexa.  Any characterization of the Zyprexa product labeling that is inconsistent with the FDA-approved Package Insert for Zyprexa when the Insert is read in context and in its entirety is denied.

30.    Lilly denies the allegations contained in Paragraph 30 of the Complaint, except is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 30 of the Complaint relating to plaintiffs.

## SECOND CAUSE OF ACTION

### [Strict Products Liability/Defective Product]

31.    Lilly incorporates by reference its answers to Paragraphs 1 through 30 of the Complaint, as if fully set forth herein, and denies the allegations contained in Paragraph 31 of the Complaint.

32.    Lilly denies the allegations contained in Paragraph 32 of the Complaint, except (i) admits that it researched, tested, developed, manufactured, marketed and/or sold Zyprexa to independent pharmaceutical wholesalers, for use only upon prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings regarding the risks and benefits of the medication; and (ii) is

without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 32 of the Complaint relating to plaintiffs and their physicians.

33.    Lilly denies the allegations contained in Paragraph 33 of the Complaint.

34.    Lilly denies the allegations contained in Paragraph 34 of the Complaint.

35.    Lilly denies the allegations contained in Paragraph 35 of the Complaint, except admits that information regarding the safety profile of Zyprexa was contained in the FDA-approved Package Insert for Zyprexa.  Any characterization of the Zyprexa product labeling that is inconsistent with the FDA-approved Package Insert for Zyprexa when the Insert is read in context and in its entirety is denied.

36.    Lilly denies the allegations contained in Paragraph 36 of the Complaint and all of its subparts, except admits that information regarding the safety profile of Zyprexa was contained in the FDA-approved Package Insert for Zyprexa.  Any characterization of the Zyprexa product labeling that is inconsistent with the FDA-approved Package Insert for Zyprexa when the Insert is read in context and in its entirety is denied.

37.    Lilly denies the allegations contained in Paragraph 37 of the Complaint.

38.    Lilly denies the allegations contained in Paragraph 38 of the Complaint.

39.    Lilly is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 39 of the Complaint relating to plaintiffs.

40.    Lilly denies the allegations contained in Paragraph 40 of the Complaint.

41.    Lilly denies the allegations contained in Paragraph 41 of the Complaint, except Lilly admits that plaintiffs have demanded a jury trial.

## THIRD CAUSE OF ACTION

### [Negligence/Gross Negligence]

42.     Lilly incorporates by reference its answers to Paragraphs 1 through 41 of the Complaint, as if fully set forth herein.

43.     Lilly denies the allegations contained in Paragraph 43 of the Complaint, except (i) admits that at all times relevant to plaintiffs' Complaint, it had a duty to exercise reasonable care in the research, testing, development, manufacture, marketing and sale of Zyprexa and (ii) denies that it breached any such duty.

44.     Lilly denies the allegations contained in Paragraph 44 of the Complaint.

45.     Lilly denies the allegations contained in Paragraph 45 of the Complaint.

46.     Lilly denies the allegations contained in Paragraph 46 of the Complaint, except admits that information regarding the safety profile of Zyprexa was contained in the FDA-approved Package Insert for Zyprexa.  Any characterization of the Zyprexa product labeling that is inconsistent with the FDA-approved Package Insert for Zyprexa when the Insert is read in context and in its entirety is denied.

47.     Lilly denies the allegations contained in Paragraph 47 of the Complaint.

48.     Lilly denies the allegations contained in Paragraph 48 of the Complaint.

## FOURTH CAUSE OF ACTION

### [Breach of Implied Warranty]

49.     Lilly incorporates by reference its answers to Paragraphs 1 through 48 of the Complaint, as if fully set forth herein.

50.     Lilly denies the allegations contained in Paragraph 50 of the Complaint, except admits that it researched, tested, developed, manufactured, labeled, marketed and/or sold Zyprexa to independent pharmaceutical wholesalers, for use only upon prescription by a licensed

physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings regarding the risks and benefits of the medication.

51.    Lilly is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 51 of the Complaint relating to plaintiffs.

52.    Lilly denies the allegations contained in Paragraph 52 of the Complaint, except admits that information regarding the safety profile of Zyprexa was contained in the FDA-approved Package Insert for Zyprexa.  Any characterization of the Zyprexa product labeling that is inconsistent with the FDA-approved Package Insert for Zyprexa when the Insert is read in context and in its entirety is denied.

53.    Lilly denies the allegations contained in Paragraph 53 of the Complaint.

54.    Lilly denies the allegations contained in Paragraph 54 of the Complaint.

## FIFTH CAUSE OF ACTION

### [Breach of Express Warranty]

55.    Lilly incorporates by reference its answers to Paragraphs 1 through 54 of the Complaint, as if fully set forth herein.

56.    Lilly denies the allegations contained in Paragraph 56 of the Complaint.

57.    Lilly denies the allegations contained in Paragraph 57 of the Complaint.

58.    Lilly denies the allegations contained in Paragraph 58 of the Complaint.

59.    Lilly denies the allegations contained in Paragraph 59 of the Complaint, except admits that information regarding the safety profile of Zyprexa was contained in the FDA-approved Package Insert for Zyprexa.  Any characterization of the Zyprexa product labeling that is inconsistent with the FDA-approved Package Insert for Zyprexa when the Insert is read in context and in its entirety is denied.

60.     Lilly denies the allegations contained in Paragraph 60 of the Complaint, except is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 61 of the Complaint relating to plaintiffs and their physicians.

61.     Lilly denies the allegations contained in Paragraph 61 of the Complaint.

62.     Lilly denies the allegations contained in Paragraph 62 of the Complaint.

## SIXTH CAUSE OF ACTION

### [Fraud]

63.     Lilly incorporates by reference its answers to Paragraphs 1 through 62 of the Complaint, as if fully set forth herein.

64.     Lilly denies the allegations contained in Paragraph 64 of the Complaint.

65.     Lilly denies the allegations contained in Paragraph 65 of the Complaint.

66.     Lilly denies the allegations contained in Paragraph 66 of the Complaint.

67.     Lilly denies the allegations contained in Paragraph 67 of the Complaint, except is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 67 of the Complaint relating to plaintiffs and their physicians.

68.     Lilly denies the allegations contained in Paragraph 68 of the Complaint, except is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to plaintiffs.

69.     Lilly denies the allegations contained in Paragraph 69 of the Complaint.

70.     Lilly denies the allegations contained in Paragraph 70 of the Complaint.

## SEVENTH CAUSE OF ACTION

### [Fraud by Concealment]

71.     Lilly incorporates by reference its answers to Paragraphs 1 through 70 of the Complaint, as if fully set forth herein.

72.     Lilly denies the allegations contained in Paragraph 72 of the Complaint, except (i) admits that at all times relevant to plaintiffs' Complaint, it had a duty to exercise reasonable care in the research, testing, development, manufacture, marketing and sale of Zyprexa and (ii) denies that it breached such a duty.

73.     Lilly denies the allegations contained in Paragraph 73 of the Complaint, except (i) admits that at all times relevant to plaintiffs' Complaint, it had a duty to exercise reasonable care in the research, testing, development, manufacture, marketing and sale of Zyprexa and (ii) denies that it breached such a duty.

74.     Lilly denies the allegations contained in Paragraph 74 of the Complaint.

75.     Lilly denies the allegations contained in Paragraph 75 of the Complaint, except is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to plaintiffs and their physicians.

76.     Lilly denies the allegations contained in Paragraph 76 of the Complaint.

77.     Lilly denies the allegations contained in Paragraph 77 of the Complaint.

78.     Lilly denies the allegations contained in Paragraph 78 of the Complaint, except is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 78 of the Complaint relating to plaintiffs and their physicians.

79.     Lilly denies the allegations contained in Paragraph 79 of the Complaint.

## EIGHTH CAUSE OF ACTION

### [Unjust Enrichment as to Defendant]

80.    Lilly incorporates by reference its answers to Paragraphs 1 through 79 of the Complaint, as if fully set forth herein.

81.    Lilly denies the allegations contained in Paragraph 81 of the Complaint.

82.    Lilly denies the allegations contained in Paragraph 82 of the Complaint, except is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 82 of the Complaint relating to plaintiffs.

83.    Lilly denies the allegations contained in Paragraph 83 of the Complaint.

## ANSWERING PLAINTIFFS' ALLEGATIONS OF MISLEADING FDA

84.    Lilly incorporates by reference its answers to Paragraphs 1 through 83 of the Complaint, as if fully set forth herein.

85.    Lilly denies the allegations contained in Paragraph 85 of the Complaint.

86.    Lilly denies the allegations contained in Paragraph 86 of the Complaint.

87.    Lilly denies the allegations contained in Paragraph 87 of the Complaint.

## ANSWERING PLAINTIFFS' REQUEST FOR PUNITIVE
## AND/OR EXEMPLARY DAMAGES

88.    Lilly denies the allegations contained in Paragraph 88 of the Complaint, except admits that plaintiffs have requested a jury trial on damages.

## ANSWERING PLAINTIFFS' PRAYER FOR RELIEF

89.    Lilly denies that plaintiff is entitled to any of the requested relief set forth in plaintiffs' Prayer for Relief.

## ANSWERING PLAINTIFFS' JURY DEMAND

90.    Lilly admits that plaintiffs have demanded a jury trial in this action.

WHEREFORE, defendant Eli Lilly and Company requests that plaintiffs' Complaint, and all claims alleged therein, be dismissed with prejudice, that Lilly be awarded the costs, disbursements, and attorney's fees incurred in the defense of this action, and that Lilly be granted any other relief to which it may be entitled.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted against Lilly.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Venue is improper in this judicial district.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are preempted by federal law in that Zyprexa® was manufactured and labeled in a manner consistent with the state of the art at the pertinent time and approved by the FDA.

## FIFTH AFFIRMATIVE DEFENSE

To the extent plaintiffs' claims are based on alleged misrepresentations made to the FDA, such claims are barred pursuant to Buckman Co. v. Plaintiff's Legal Committee, 531 U.S. 341 (2001).

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred and/or this Court should defer this matter, in whole or in part, pursuant to the doctrine of primary jurisdiction, in that the Food and Drug Administration of the United States Department of Health and Human Services ("FDA") is charged under the

law with regulating prescription drugs, including Zyprexa®, and is specifically charged with determining the content of the warnings and labeling for prescription drugs. The granting of the relief prayed for in the plaintiffs' Complaint would impede, impair, frustrate or burden the effectiveness of such federal law and would violate the Supremacy Clause (Art. VI, cl. 2) of the United States Constitution.

### SEVENTH AFFIRMATIVE DEFENSE

Some or all of plaintiffs' claims are barred by the learned intermediary and/or sophisticated user doctrines. At all relevant times herein, plaintiffs' prescribing physicians were in the position of sophisticated purchasers, fully knowledgeable and informed with respect to the risks and benefits of Zyprexa®.

### EIGHTH AFFIRMATIVE DEFENSE

The injuries, damages, and losses alleged in the Complaint, none being admitted, were caused in whole or in part by the negligence of plaintiffs and/or others, over whom Lilly exercised no control, had no opportunity to anticipate or right to control, and with whom Lilly had no legal relationship by which liability could be attributed to it because of the actions of plaintiffs and/or others, which by comparison was far greater than any conduct alleged as to Lilly.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged loss, damage, injury, harm, expense, diminution, or deprivation alleged, if any, was caused in whole or in part by plaintiffs' failure to exercise reasonable care and diligence to mitigate their alleged damages.

## TENTH AFFIRMATIVE DEFENSE

Some or all of plaintiffs' claims are barred by the doctrines concerning unavoidably unsafe products, including, but not limited to, the operation of comments j and k to Section 402A of the Restatement (Second) of Torts and/or barred by the Restatement (Third) of Torts.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' breach of warranty claims are barred because there is no privity of contract between plaintiffs and Lilly; plaintiffs failed to give timely notice of any alleged breach of warranty to Lilly; plaintiffs did not reasonably rely on any alleged warranty; plaintiffs failed to satisfy all conditions precedent or subsequent to the enforcement of such warranty; and the warranty was appropriately disclaimed, excluded or modified.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable provisions of the United States Constitution and/or the applicable Constitution of any other State or Commonwealth of the United States whose laws might be deemed controlling in this case. These provisions include, but are not limited to, the First Amendment to the Constitution of the United States because Lilly's commercial speech regarding Zyprexa® was neither false nor misleading.

## THIRTEENTH AFFIRMATIVE DEFENSE

Lilly alleges that plaintiffs were fully informed of the risks of the use of Zyprexa® by their treating physicians, and the informed consent given by plaintiffs is pleaded as an affirmative defense.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages violates, and it is therefore barred by, the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and/or the applicable Constitution of any other State or Commonwealth of the United States whose laws might be deemed controlling in this case, on grounds including the following:

(a)      It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)      Procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes upon the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)      The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)      The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)      The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(g)    The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

(h)    The award of punitive damages to plaintiffs in this action would constitute a deprivation of property without due process of law; and

(i)    The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

## FIFTEENTH AFFIRMATIVE DEFENSE

With respect to plaintiffs' demand for punitive or exemplary damages, Lilly specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damages awards, including but not limited to, those standards of limitation which arose in BMW of North America v. Gore, 517 U.S. 559 (1996), Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001), and State Farm Mutual Automobile Ins. Co. v. Campbell, 538 U.S. 408 (2003).

## SIXTEENTH AFFIRMATIVE DEFENSE

The injuries or damages allegedly sustained by plaintiffs can be attributed to several causes and accordingly should be apportioned among the various causes according to respective contribution of each such cause to the harm sustained, if any.  If any liability is found

against Lilly, then said liability will constitute 50% or less of the total liability assigned to all persons liable, and as such, the liability of Lilly to plaintiffs for non-economic loss shall be limited, and shall not exceed Lilly's equitable share.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any verdict or judgment rendered against Lilly must be reduced by those amounts that have been, or will, with reasonable certainty, replace or indemnify plaintiffs, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, worker's compensation or employee benefit programs.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' purported allegations of misrepresentation and fraud do not comply with either Rule 9(b) of the Federal Rules of Civil Procedure, District of Columbia common law, or the common law of any other State or Commonwealth of the United States whose laws might be deemed controlling in this case in that they fail to state a cause of action as a matter of law because, among other deficiencies, plaintiffs fail to plead with particularity any misrepresentation as to a material fact and/or reliance on the part of plaintiffs upon any such misrepresentation.

Lilly hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves the right to amend this Answer to assert such defenses.

Dated:  June 26, 2006

Respectfully submitted,

/s/ *William J. Bethune*
William J. Bethune (*DC Bar No.* 66696)

/s/ *George A. Lehner*
George A. Lehner (*DC Bar No.* 281949)

PEPPER HAMILTON LLP
Hamilton Square
600 Fourteenth Street, N.W.
Washington, D.C.  20005-2004
Telephone:  202-220-1200
Facsimile:  202-220-1665
E-mail:  bethunew@pepperlaw.com
       lehnerg@pepperlaw.com

*Attorneys for Defendant*
*Eli Lilly and Company*

OF COUNSEL:

Nina M. Gussack
Janet C. Goldberg
PEPPER HAMILTON LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA  19103
Telephone:  215-981-4000
Facsimile:  215-981-4750
E-mail:  gussackn@pepperlaw.com
       goldbergj@pepperlaw.com